LOKEN, Circuit Judge,
concurring.
I agree with the court’s decision to affirm, and I concur in its opinion. But for me, there is an additional, troubling aspect to this case that warrants brief mention — the parties’ assumption, reflected in the district court’s instructions to the jury, that the harassment of Bosley by her spouse was necessarily sexual harassment, so that the resulting hostile work environment, when un-remedied by Bosley’s employer, was unlawful under Title VII. Marriage in today’s legal environment is invariably between persons of the opposite sex. When a marital spat spills over to the work place, it may produce misconduct that is not motivated by unlawful sex discrimination, even though that same misconduct between unrelated co-workers of the opposite sex would quite properly be the basis for inferring such discrimination. As the court observed in Galloway v. General Motors Service, 78 F.3d 1164, 1168 (7th Cir.1996):
The repetition of the term [“sick bitch”] together with the other verbal conduct that is alleged reflected and exacerbated a personal animosity arising out of the failed relationship rather than anything to do with a belief by [the male harasser], of which there is no evidence, that women do not belong in the work force or are not entitled' to equal treatment with male employees.
In this ease, the district court instructed the jury it could infer sexual harassment from Rock’s use of “sexually derogatory language” and “discriminatory intimidation, ridicule, and insult,” without a cautioning instruction of the kind upheld in Rothenbusch v. Ford Motor Co., 1995 WL 431012 (6th Cir.1995) (unpublished per curiam): “Personal animosity is not the equivalent of sexual harassment and is not proscribed by law.” Excel Corporation did not request such a cautioning instruction, did not object to the instruction given, and does not raise an instruction issue on appeal. But if requested in a case of this type, I believe that this kind of cautioning instruction must be given to ensure that Title VII is not unwittingly expanded to impose liability on employers for condoning or not remedying offensive. co-worker conduct that does not amount to discrimination “because of ... sex.” 42 U.S.C. § 2000e-2(a).